IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,                                      No. CIV S-09-1350-GEB-CMK-P

        Plaintiff,

   vs.                                                                    ORDER

TOM L. CAREY, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's complaint (Doc. 1).  The complaint appears to be filed by two state prisoners proceeding pro se with a single civil rights action.[1] This court has determined that each plaintiff should proceed separately on his own claim.  The Federal Rule of Civil Procedure 21 provides "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms

/ / /

/ / /

---

[1] The second prisoner plaintiff named in the complaint is Willie Holloway, who does not appear on the docket.

1

as are just. Any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Therefore, the court will order that the plaintiffs' claims be severed. Plaintiff Charles G. Reece will proceed in this action, while plaintiff Willie Holloway will proceed in a separate civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action. In addition, each plaintiff will be required to either pay the filing fee or request leave to proceed in forma pauperis in their respective case.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Willie Holloway are severed from the claims of plaintiff Charles G. Reece;

2. Plaintiff Charles G. Reece shall proceed as the sole plaintiff in the case number referenced in the caption above; and

3. The Clerk of the Court is directed to:

(a) open a separate civil action for plaintiff Willie Holloway;

(b) assign the new action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

---

[2] The court notes that Plaintiff Reece has filed an application to proceed in forma pauperis, which has been addressed by separate order. Plaintiff Holloway has not filed an application to proceed in forma pauperis, which will also be addressed by separate order once a new case number has been assigned for his case.

1          (c) file and docket a copy of this order in the new file opened for plaintiff

2   Willie Holloway; and

3          (d) place a copy of the complaint filed in this case in the newly created

4   file.

6  DATED: June 25, 2009

7

8                                       **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE