1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHARLES G. REECE,                    No. CIV S-09-1350-GEB-CMK-P

12              Plaintiff,

13        vs.                             ORDER

14   TOM L. CAREY, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's amended complaint (Doc. 16).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25   of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26   that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

with at least some degree of particularity overt acts by specific defendants which support the

claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

Plaintiff's original complaint was dismissed for violation of Rule 8's requirement

that a complaint contain a short and plain statement of the claim.  Plaintiff's original complaint

was approximately 113 pages and referred to over 200 pages of attached documents which

purportedly supported the factual allegations against the defendants.  The court found that

pleading method was insufficient, and informed Plaintiff that the court was unwilling to comb

through such a complaint to guess at his claim.  Although his complaint was dismissed, Plaintiff

was provided an opportunity to file an amended complaint, which he has done.  However, his

amended complaint suffers from much of the same defects the court addressed in regards to his

original complaint, in that it consists of 321 pages, including his exhibits.

As Plaintiff was previously informed, all that is required in a Federal action is a

short and plain statement of his claim.  At the pleading stage, Plaintiff is not required to submit

evidence to support his claim, and the court will not act as a depository for prematurely filed

evidence.  The time to support his claim with evidence is at trial or in opposition to a dispositive

motion.  Accordingly, Plaintiff's amended complaint will be dismissed, and he will be provided

one last opportunity to file a second amended complaint which satisfies Rule 8's requirements.

If he is unable or unwilling to do so, his complaint will be dismissed without leave to amend.

The court also notes that Plaintiff's complaint suffers from other defects as well,

some of which may be curable.  In his complaint Plaintiff complains that he has been denied his

due process rights during prison disciplinary proceedings.  He names as defendants several

1  apparently supervisory defendants.  In addition to his due process violations, he also appears to

2  be raising an issue with the inmate grievance system.  These claims are insufficient as addressed

3  below.

4                Supervisory Personnel

5           Supervisory personnel are generally not liable under § 1983 for the actions of their

6  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

7  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

8  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

9  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

10  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

11  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

12  and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a

13  defendant holds a supervisory position, the causal link between such defendant and the claimed

14  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

15  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

16  allegations concerning the involvement of supervisory personnel in civil rights violations are not

17  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must

18  plead that each Government-official defendant, through the official's own individual actions, has

19  violated the constitution."  Iqbal, 129 S. Ct. at 1948.

20           To the extent Plaintiff is attempting to state a claim against an individual in his

21  supervisory position, and not based on his own personal involvement in violating Plaintiff's

22  rights, such a claim is insufficient and the supervisory defendants will be dismissed.

23                Grievance Process

24           Prisoners have no stand-alone due process rights related to the administrative

25  grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

26  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

1  inmates to a specific grievance process).  Because there is no right to any particular grievance

2  process, it is impossible for due process to have been violated by ignoring or failing to properly

3  process grievances.   Numerous district courts in this circuit have reached the same conclusion.

4  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

5  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

6  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

7  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

8  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

9  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

10  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

11  properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment

12  right to petition the government through the prison grievance process.  See Bradley v. Hall, 64

13  F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in

14  certain circumstances, implicate the First Amendment.

15        To the extent Petitioner is attempting to state a stand alone claim regarding the

16  inmate grievance, such a claim is insufficient, and will be dismissed.

17        Due Process

18        The Due Process Clause protects prisoners from being deprived of life, liberty, or

19  property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

20  state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or

21  property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672

22  (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the

23  deprivation of property where there is a legitimate claim of entitlement to the property.  See Bd.

24  of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions are

25  defined, by existing rules that stem from an independent source – such as state law – and which

26  secure certain benefits and support claims of entitlement to those benefits.  See id.

4

1     Liberty interests can arise both from the Constitution and from state law.  See

2  Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);

3  Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution

4  itself protects a liberty interest, the court should consider whether the practice in question ". . . is

5  within the normal limits or range of custody which the conviction has authorized the State to

6  impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the

7  Supreme Court has concluded that the Constitution itself provides no liberty interest in good-

8  time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v.

9  Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425

10 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or

11 in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47

12 (1983).

13     In determining whether state law confers a liberty interest, the Supreme Court has

14 adopted an approach in which the existence of a liberty interest is determined by focusing on the

15 nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the

16 Court has held that state law creates a liberty interest deserving of protection only where the

17 deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the

18 sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the

19 ordinary incidents of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in

20 the procedures used in prison disciplinary hearings where a successful claim would not

21 necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th

22 Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not

23 result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v.

24 Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate

25 release from prison were cognizable under § 1983).

26 / / /

1         Finally, with respect to prison disciplinary proceedings, due process requires

2 prison officials to provide the inmate with: (1) a written statement at least 24 hours before the

3 disciplinary hearing that includes the charges, a description of the evidence against the inmate,

4 and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

5 evidence and call witnesses, unless calling witnesses would interfere with institutional security;

6 and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418

7 U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see

8 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in

9 the record as a whole which supports the decision of the hearing officer, see Superintendent v.

10 Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is

11 satisfied where "there is any evidence in the record that could support the conclusion reached."

12 Id. at 455-56.  However, a due process claim challenging the loss of good-time credits as a result

13 of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by

14 way of habeas corpus.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

15         It appears Plaintiff's main complaint is in relation to his prison disciplinary

16 proceedings.  When drafting his second amended complaint, Plaintiff must be able to state how

17 his due process rights, as identified above, were violated, and by whom.

18         Casual Link

19         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

20 connection or link between the actions of the named defendants and the alleged deprivations.

21 See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

24 omits to perform an act which he is legally required to do that causes the deprivation of which

25 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

26 conclusory allegations concerning the involvement of official personnel in civil rights violations

1  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

2  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

3  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

4          Conclusion

5          Because it is possible that the deficiencies identified in this order may be cured by

6  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

7  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

8  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

9  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

10 amend, all claims alleged in the original complaint which are not alleged in the amended

11 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

12 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

13 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

14 complete in itself without reference to any prior pleading.  See id.

15         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

18 each named defendant is involved, and must set forth some affirmative link or connection

19 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

20 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21         Plaintiff is cautioned that if his second amended complaint violates Rule 8's

22 brevity requirements, it will be dismissed with prejudice pursuant to Rule 41(b), and without

23 leave to amend.  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

24 Finally, plaintiff is warned that failure to file a second amended complaint within the time

25 provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

26 1260-61; see also Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's amended complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.


DATED:  April 26, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE