IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,                               No. CIV S-09-1350-GEB-CMK-P

    Plaintiff,

  vs.                                                              ORDER

TOM L. CAREY, et al.,

    Defendants.

                                  /

         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are Plaintiff's objections to the findings and recommendations issued July 15, 2010.

         In his objections, Plaintiff articulates his claims against defendant Dickenson are not solely relating to the inmate grievance process itself, but rather are actually claims for violation of his First Amendment right of access to the courts.  He claims that defendant Dickenson's actions in improperly handling his inmate appeals effected his ability to exhaust his administrative remedies, thereby preventing him from filing a habeas petition to challenge the disciplinary proceedings.  This casts his claims in a different light than originally read in his Complaint.[1]  The claim, however, remains defective but subject to amendment prior to dismissal.

---

[1] Plaintiff's assertion that his claims regarding violation of his due process rights stemming from the prison disciplinary action are inextricably linked to his claims for denial of

1

1          Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

          As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

          Here, Plaintiff fails to allege any actual injury from defendant Dickenson's alleged actions. While he claims he was unable to exhaust his administrative remedies, there is no indication that he attempted to file a habeas action which was dismissed due to failure to exhaust

---

his right of access to the court are unpersuasive. While his inmate grievances certainly relate to the prison disciplinary proceeding, the claim for denial of access to the court is separate and distinct from the process that was due during the prison disciplinary action.

or he was unable to file such an action.

Accordingly, Petitioner will be provided another opportunity to cure the defects in this claim. However, as set forth in the July 15, 2010, findings and recommendations, any claim relating to the actual disciplinary proceeding are not cognizable in a § 1983 action, and are not subject to cure.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is again informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

However, the defects identified in the prior findings and recommendation relating to the alleged violation his due process rights during the prison disciplinary proceeding, cannot be cured by amendment, plaintiff is not entitled to leave to amend as to those claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified as incurable, in which case such claims will be deemed

abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will re-issue the findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also again warned that a complaint which fails to comply with Rule 8's requirement that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief," may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981);  Fed. R. Civ. P. 8(a)(2).  This means that Plaintiff's claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued July 15, 2010, are vacated;

2. Plaintiff's second amended complaint is dismissed with leave to amend; and

3. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.


DATED: October 20, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE