IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE, | No. CIV S-09-1350-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TOM L. CAREY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint (Doc. 22).

On July 15, 2010, the undersigned issued findings and recommendations that plaintiff's second amended complaint be dismissed. The undersigned determined that plaintiff's claims sounded in habeas, that raising a challenge to disciplinary action wherein he lost good time credits in an action filed pursuant to 42 U.S.C. § 1983 was improper. In response to the undersigned's findings and recommendations, plaintiff filed objections articulating that his claims against defendant Dickenson are not solely relating to the inmate grievance process itself, but rather are actually claims for violation of his First Amendment right of access to the courts. The findings and recommendations were therefore vacated, and plaintiff was allowed additional

leave to file a third amended complaint, which is now before the court.

In his third amended complaint, plaintiff sets forth his claim against defendant Dickinson for denial of access to the court. As addressed by separate order, service of the third amended complaint on defendant Dickinson will be authorized. However, plaintiff apparently attempts to restate his claims against the other defendants in a separate but attached complaint. In an abundance of caution, the undersigned is hereby reissuing the findings and recommendations to dismiss plaintiff's due process claims. The undersigned set forth the following in the prior findings and recommendations:

> The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.
>
> Plaintiff's first two complaints were dismissed for violation of Rule 8's requirement that a complaint contain a short and plain statement of the claim. A number of other defects were addressed by the court's prior screening orders, which Plaintiff has attempted to cure in his second amended complaint. However, it is now apparent that Plaintiff's claims have a fatal flaw. Plaintiff claims his due process rights were violated during a prison disciplinary proceeding. According to his allegations, he was brought up on false charges of theft. The hearing on those false charges were then wrought with violations, including misclassification of the charges, and refusal to allow Plaintiff an investigator. He then alleges his 602 inmate grievance was illegally dismissed, the charges were wrongfully not reversed, and the forms failed to

contain all necessary information. Plaintiff clarifies that due to these false charges, for which he was found guilty, he was assessed 40 hours of extra duty, docked 30 days good time, and 30 days of yard and phone privileges were taken away.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, Plaintiff's claim involves a prison disciplinary proceeding involving the loss of good time. A determination that the proceedings were based on false charges and violated his due process rights would necessarily imply the invalidity of those proceeding which is not cognizable in a § 1983 action. Such claims sound in habeas. Prior to bringing these claims as a § 1983 action, Plaintiff is required to have the disciplinary proceeding invalidated on appeal, by habeas petition, or through some similar

proceeding.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

The undersigned finds the above analysis of plaintiff's additional claims to be accurate.  Based on the foregoing, the undersigned recommends that plaintiff's claims for due process violations relating to his prison disciplinary proceedings against all defendants be dismissed without prejudice, and defendants Carey, Holden, Nuehring be dismissed from this action.  In addition, the undersigned recommends that defendants LeGare, Schulke, Martinez, Knudsen, Jackson, Martin, Laundry, and CDCR Appeals Coordinator be dismissed and terminated from the docket, as they do not appear to be named as defendants in plaintiff's third amended complaint.  This action should proceed against defendant Dickenson only, on plaintiff's claim for denial of access to the courts.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 29, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

4