IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,                             No. CIV S-09-1350-GEB-CMK-P

        Plaintiff,

    vs.                                    FINDINGS AND RECOMMENDATIONS

TOM L. CAREY, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss (Doc. 33).  Plaintiff filed an objection to the motion, and defendant filed a reply.

        **I.  Background**

        This action proceeds on plaintiff's third amended complaint against one defendant, Dickenson, on a claim of violation of his First Amendment right of access to the courts.  All other claims and defendants have been dismissed.  The basis of plaintiff's claim is that defendant Dickenson failed to properly process his inmate grievance, thus foreclosing on his ability to challenge his prison disciplinary proceedings in State court through a petition for writ of habeas corpus.  He alleges that after his inmate grievance was improperly screened out and

1  dismissed, the State court denied his habeas petition on the grounds that it was not exhausted.

2  **II.  Motion to Dismiss**

3  Defendant Dickenson brings this motion to dismiss, pursuant to Federal Rule of

4  Civil Procedure 12(b)(6), alleging petitioner's complaint is barred by the statute of limitations,

5  fails to state a claim, and is barred by the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

6  In considering a motion to dismiss, the court must accept all allegations of

7  material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

8  court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

9  <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

10 738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

11 ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

12 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

13 factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50

14 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

15 lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  "The issue is not whether a plaintiff

16 will ultimately prevail but whether the claimant is entitled to offer evidence to support the

17 claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), *overruled on other grounds by* <u>Davis v.</u>

18 <u>Scherer</u>, 468 U.S. 183 (1984).

19 Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

20 the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

21 and the grounds upon which it rests."  <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007)

22 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

23 failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

24 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

25 raise a right to relief above the speculative level."  <u>Id.</u> at 555-56.  The complaint must contain

26 "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u>  at 570.  "A claim has

1   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2   reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

3   1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

4   than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

5   at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

6   it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

7   (quoting Twombly, 550 U.S. at 557).

8           In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

9   outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

10  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

11  documents whose contents are alleged in or attached to the complaint and whose authenticity no

12  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

13  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

14  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

15  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

16  1994).

17          Defendant raises three grounds for dismissal:  plaintiff's claims are barred by the

18  statute of limitations, plaintiff's claims regarding the prison grievance system cannot form the

19  basis for liability, and a judgment in plaintiff's favor would necessarily imply the invalidity of

20  plaintiff's disciplinary conviction in contradiction of the rule set forth in Heck v. Humphrey, 512

21  U.S. 477 (1994).

22          A.  Statute of Limitations

23          Defendant argues that plaintiff's claim involves defendant's action in screening

24  out his inmate appeal.  Therefore, he argues that the claim arose as of the date the appeal was

25  screened out, March 2, 2005.  Given the time frame for filing a complaint, plaintiff had four

26  years to file his complaint, or until March 2009.  Plaintiff's complaint was not filed until May

1    2009, two months too late.

2           Plaintiff counters that his claim is not based on the screening out of his inmate

3    appeal, but rather the improper dismissal of his appeal.  He argues that until his appeal was

4    actually dismissed, he had no claim.  His appeal was not dismissed until July 2005.  In addition,

5    he argues that prior to filing his complaint, he was required to exhaust his administrative

6    remedies, and he did not receive the third and final level denial until February 28, 2006.  He

7    therefore had until February 2010, to file his complaint, which he complied with.[1]

8           For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is

9    California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384,

10   387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985);  Karim-Panahi v. Los Angeles

11   Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a two-year statute of

12   limitations in § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d

13   945, 954 (9th Cir. 2004);  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions

14   under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury

15   actions.").  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City,

16   25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).  California Civil

17   Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the

18   plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in

19   execution under sentence of a criminal court for a term of less than for life."[2]  Accordingly,

20

21          [1]     The parties discuss the possibility of additional tolling during the time of
     exhausting plaintiff's administrative remedies.  See Brown v. Valoff, 422 F.3d 926 (99th Cir.
22   2005).  However, whether this additional tolling is subsumed within the two-year tolling period
     afforded by California Civil Procedure Code § 352.1(a) does not alter the discussion herein and
23   the undersigned finds it unnecessary to resolve the issue in this case.

24          [2]     "The California courts have read out of the statute the qualification that the period
     of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for
25   tolling."  Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough
     Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner
26   serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124,
     1126 (9th Cir. 1998).  Thus, the length of the sentence is irrelevant.

4

1  prisoners generally have four years from the time the claim accrues to file their action.

2         Notwithstanding the application of the forum's state law regarding the statute of

3  limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is

4  "federal law" which "governs when a claim accrues." <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th

5  Cir. 1999) (citing <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim

6  accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

7  action." <u>Id.</u> (citing <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996)).

8         The issue here is when plaintiff's claim accrued.  Defendant argues the claim

9  accrued when plaintiff's inmate appeal was screened out.  Plaintiff counters that his claim did not

10  accrue until his inmate appeal was dismissed, providing him with no remedy.  The gravamen of

11  plaintiff's claim is that defendant denied him access to the courts by improperly rejecting his

12  inmate appeal.  Plaintiff claims he was required to exhaust his administrative remedies prior to

13  filing his State habeas petition, and because he was unable to exhaust his administrative remedies

14  due to defendant's actions, his State habeas petition was denied.

15         When plaintiff's inmate appeal was screened out, he was provided an opportunity

16  to remedy the alleged defect.  He apparently responded to the screening order, which defendant

17  then determined was still insufficient to cure the defect in plaintiff's inmate appeal.  However,

18  the undersigned agrees with plaintiff that it was not until his inmate appeal was actually

19  dismissed, providing no further opportunity to exhaust his administrative remedies, that his claim

20  accrued.  Thus, plaintiff's claim accrued on July 7, 2005, the date his inmate appeal was

21  dismissed.  Given the four-year period of time plaintiff then had to file this action, plaintiff had

22  until July 2009 in which to file his complaint.  The original complaint herein was filed on May

23  14, 2009, within the statute of limitations.  The motion to dismiss on the grounds that it was filed

24  after the expiration of the statute of limitations should therefore be denied.

25         B.  Failure to State a Claim

26         Next, defendant argues that his actions related to the inmate grievance procedures

5

1    cannot form the basis of liability.

2           The undersigned agrees that prisoners have no stand-alone due process rights

3    related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

4    1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no

5    liberty interest entitling inmates to a specific grievance process).  Because there is no right to any

6    particular grievance process, it is impossible for due process to have been violated by ignoring or

7    failing to properly process grievances.   Numerous district courts in this circuit have reached the

8    same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that

9    failure to properly process grievances did not violate any constitutional right); Cage v. Cambra,

10   1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process

11   and address grievances does not support constitutional claim); James v. U.S. Marshal's Service,

12   1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure

13   to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994

14   WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to

15   function properly failed to state a claim under § 1983).

16          Prisoners do, however, retain a First Amendment right to petition the government

17   through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

18   Prisoners also have a First Amendment right of access to the courts.  See Lewis v. Casey, 518

19   U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley, 64 F.3d at 1279

20   (discussing the right in the context of prison grievance procedures).  Prison officials are required

21   to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

22   with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430

23   U.S. at 828.  The right of access to the courts, however, only requires that prisoners have the

24   capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S.

25   at 356-57.

26          Here, to the extent plaintiff attempted to raise a due process claim in this action,

6

1   that claim has already been dismissed.  (See Doc. 30).  The sole remaining claim is plaintiff's

2   denial of his First Amendment right of access to the court.  The basis of that claim relates to the

3   administrative grievance process, but only to the extent that he alleges defendant's actions

4   interfered with his right to access the court.  The undersigned finds defendant's argument relates

5   to the claims which have already been dismissed, specifically plaintiff's due process claim, and

6   not the First Amendment claim that remains.  Therefore, the motion to dismiss for failure to state

7   a claim should be denied.

8            C.  Heck Bar

9            Finally, defendant argues that plaintiff's complaint must be dismissed because if

10  successful, his challenge would necessarily invalidate the disciplinary action.  Plaintiff argues

11  that this suit does not challenge the length of his confinement nor does it challenge the

12  disciplinary action taken against him.  Rather, plaintiff is challenging the improper dismissal of

13  his inmate appeal rendering him unable to properly challenge the disciplinary action in court, a

14  violation of his First Amendment rights.

15           The undersigned agrees with defendant's assertion that where a § 1983 action

16  seeking monetary damages or declaratory relief alleges constitutional violations which would

17  necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result

18  of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length

19  of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence

20  has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See

21  Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable

22  because allegations were akin to malicious prosecution action which includes as an element a

23  finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120

24  F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because

25  allegations of procedural defects were an attempt to challenge substantive result in parole

26  hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim

7

1  was cognizable because challenge was to conditions for parole eligibility and not to any

2  particular parole determination);  cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that

3  § 1983 action seeking changes in procedures for determining when an inmate is eligible for

4  parole consideration not barred because changed procedures would hasten future parole

5  consideration and not affect any earlier parole determination under the prior procedures).  In

6  particular, where the claim involves loss of good-time credits as a result of an adverse prison

7  disciplinary finding, the claim is not cognizable.  See Edwards v. Balisok, 520 U.S. 641, 646

8  (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a

9  biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss

10  of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v.

11  Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of

12  Heck and Edwards does not apply to challenges to prison disciplinary hearings where the

13  administrative sanction imposed does not affect the overall length of confinement and, thus, does

14  not go to the heart of habeas).  If a § 1983 complaint states claims which sound in habeas, the

15  court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.

16  Rather, such claims must be dismissed without prejudice and the complaint should proceed on

17  any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487;

18  Trimble, 49 F.3d at 585.

19           However, plaintiff is not challenging his prison disciplinary conviction in this

20  action.  That was the issue in his underlying inmate appeal, but that is not the issue in this case.

21  Rather, plaintiff is challenging the interference of defendant in his ability to obtain review over

22  those disciplinary proceedings.  If plaintiff prevails in this action, the disciplinary finding will not

23  be disturbed as it is not being challenged.  Therefore, the undersigned finds this action is not

24  barred by the rule set forth in Heck, and the motion to dismiss on that ground should be denied.

25       **III.  Conclusion**

26           Based on the foregoing, the undersigned recommends that defendant's motion to

dismiss (Doc. 33) be denied, and defendant be ordered to file an answer to the third amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 25, 2012

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE