IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE, | No. CIV S-09-1350-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TOM L. CAREY, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 33). Plaintiff filed an objection to the motion, and defendant filed a reply.

   **I. Background**

   This action proceeds on plaintiff's third amended complaint against one defendant, Dickenson, on a claim of violation of his First Amendment right of access to the courts. All other claims and defendants have been dismissed. The basis of plaintiff's claim is that defendant Dickenson failed to properly process his inmate grievance, thus foreclosing on his ability to challenge his prison disciplinary proceedings in State court through a petition for writ of habeas corpus. He alleges that after his inmate grievance was improperly screened out and

dismissed, the State court denied his habeas petition on the grounds that it was not exhausted.

## II. Motion to Dismiss

Defendant Dickenson brings this motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging petitioner's complaint is barred by the statute of limitations, fails to state a claim, and is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994).

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Defendant raises three grounds for dismissal:  plaintiff's claims are barred by the statute of limitations, plaintiff's claims regarding the prison grievance system cannot form the basis for liability, and a judgment in plaintiff's favor would necessarily imply the invalidity of plaintiff's disciplinary conviction in contradiction of the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

A.  Statute of Limitations

Defendant argues that plaintiff's claim involves defendant's action in screening out his inmate appeal.  Therefore, he argues that the claim arose as of the date the appeal was screened out, March 2, 2005.  Given the time frame for filing a complaint, plaintiff had four years to file his complaint, or until March 2009.  Plaintiff's complaint was not filed until May

2009, two months too late.

Plaintiff counters that his claim is not based on the screening out of his inmate appeal, but rather the improper dismissal of his appeal. He argues that until his appeal was actually dismissed, he had no claim. His appeal was not dismissed until July 2005. In addition, he argues that prior to filing his complaint, he was required to exhaust his administrative remedies, and he did not receive the third and final level denial until February 28, 2006. He therefore had until February 2010, to file his complaint, which he complied with.[1]

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations in § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)). California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."[2] Accordingly,

---

[1] The parties discuss the possibility of additional tolling during the time of exhausting plaintiff's administrative remedies. See Brown v. Valoff, 422 F.3d 926 (99th Cir. 2005). However, whether this additional tolling is subsumed within the two-year tolling period afforded by California Civil Procedure Code § 352.1(a) does not alter the discussion herein and the undersigned finds it unnecessary to resolve the issue in this case.

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998). Thus, the length of the sentence is irrelevant.

4

1  prisoners generally have four years from the time the claim accrues to file their action.

2  Notwithstanding the application of the forum's state law regarding the statute of
3  limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is
4  "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th
5  Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)).  "A claim
6  accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of
7  action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).

8  The issue here is when plaintiff's claim accrued.  Defendant argues the claim
9  accrued when plaintiff's inmate appeal was screened out.  Plaintiff counters that his claim did not
10 accrue until his inmate appeal was dismissed, providing him with no remedy.  The gravamen of
11 plaintiff's claim is that defendant denied him access to the courts by improperly rejecting his
12 inmate appeal.  Plaintiff claims he was required to exhaust his administrative remedies prior to
13 filing his State habeas petition, and because he was unable to exhaust his administrative remedies
14 due to defendant's actions, his State habeas petition was denied.

15 When plaintiff's inmate appeal was screened out, he was provided an opportunity
16 to remedy the alleged defect.  He apparently responded to the screening order, which defendant
17 then determined was still insufficient to cure the defect in plaintiff's inmate appeal.  However,
18 the undersigned agrees with plaintiff that it was not until his inmate appeal was actually
19 dismissed, providing no further opportunity to exhaust his administrative remedies, that his claim
20 accrued.  Thus, plaintiff's claim accrued on July 7, 2005, the date his inmate appeal was
21 dismissed.  Given the four-year period of time plaintiff then had to file this action, plaintiff had
22 until July 2009 in which to file his complaint.  The original complaint herein was filed on May
23 14, 2009, within the statute of limitations.  The motion to dismiss on the grounds that it was filed
24 after the expiration of the statute of limitations should therefore be denied.

25 B. Failure to State a Claim
26 Next, defendant argues that his actions related to the inmate grievance procedures

cannot form the basis of liability.

The undersigned agrees that prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Prisoners also have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley, 64 F.3d at 1279 (discussing the right in the context of prison grievance procedures). Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57.

Here, to the extent plaintiff attempted to raise a due process claim in this action,

that claim has already been dismissed. (See Doc. 30). The sole remaining claim is plaintiff's denial of his First Amendment right of access to the court. The basis of that claim relates to the administrative grievance process, but only to the extent that he alleges defendant's actions interfered with his right to access the court. The undersigned finds defendant's argument relates to the claims which have already been dismissed, specifically plaintiff's due process claim, and not the First Amendment claim that remains. Therefore, the motion to dismiss for failure to state a claim should be denied.

### C.  Heck Bar

Finally, defendant argues that plaintiff's complaint must be dismissed because if successful, his challenge would necessarily invalidate the disciplinary action. Plaintiff argues that this suit does not challenge the length of his confinement nor does it challenge the disciplinary action taken against him. Rather, plaintiff is challenging the improper dismissal of his inmate appeal rendering him unable to properly challenge the disciplinary action in court, a violation of his First Amendment rights.

The undersigned agrees with defendant's assertion that where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim

was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

However, plaintiff is not challenging his prison disciplinary conviction in this action. That was the issue in his underlying inmate appeal, but that is not the issue in this case. Rather, plaintiff is challenging the interference of defendant in his ability to obtain review over those disciplinary proceedings. If plaintiff prevails in this action, the disciplinary finding will not be disturbed as it is not being challenged. Therefore, the undersigned finds this action is not barred by the rule set forth in Heck, and the motion to dismiss on that ground should be denied.

### III.  Conclusion

Based on the foregoing, the undersigned recommends that defendant's motion to

1  dismiss (Doc. 33) be denied, and defendant be ordered to file an answer to the third amended
2  complaint.
3         These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2012

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE